IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **REMECOS BARLEY #1888806** | § | |
| | § | |
| V. | § | W-23-CA-294-ADA |
| | § | |
| **UNIVERSITY OF TEXAS MEDICAL BRANCH** | § | |

### ORDER

Before the Court is Petitioner Remecos Barley's "Memorandum Brief in Support of Petition for an Extraordinary Writ" which the Court has construed as a Petition for Writ of Mandamus. Petitioner requests that the Court order Judge Kinsey in the Coryell County Court to hold a hearing and rule on Barley's motions in his pending county court litigation.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus

relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Plaintiff's Mandamus Petition.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Mandamus is dismissed without prejudice for want of jurisdiction and this case is **CLOSED**.

**SIGNED** on April 21, 2023

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE